IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY K., SR *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> MOBILE COUNTY BOARD OF <br> EDUCATION *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 18-00343-TFM-N <br> ) <br> ) <br> ) <br> ) |

## ORDER

This action is before the Court on Defendants Martha Peek, Lewis Copeland, Fred Riley, Bobby Pope, Robert Miller, and Kelly Eubanks'[1] Motion for Fees under Federal Rule of Civil Procedure 37(a)(5) (Doc. 114).[2] Plaintiffs filed a response in opposition (Doc. 117), to which Defendants replied (Doc. 124). Upon consideration, Defendants' motion for fees (Doc. 114) is **GRANTED in part** and **DENIED in part**.

### I.  *Background*

This is a civil rights case. Plaintiffs allege that Defendants violated their constitutional rights and committed various torts by negligently permitting violent hazing practices to occur at Davidson High School. (Doc. 31). For a remedy, Plaintiffs seek various forms of monetary damages, including economic damages. (Doc. 31,

---

[1] The Court refers to these parties collectively as "Defendants," but this Order does not apply to the non-moving Defendants—namely, the Mobile County Board of Education, Douglas Harwell, Jr., Don Stringfellow, Reginald Crenshaw, Robert Battles, and William Foster.

[2] The assigned District Judge referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/31/2021 electronic reference).

PageID.319–20). As part of a contentious discovery process, Defendants filed two motions to compel. After briefing and a hearing, the Court granted in full Defendants' motion to compel Plaintiffs' interrogatory responses (Doc. 86) and partially granted Defendants' motion to compel Plaintiffs' responses to their requests for production (Doc. 88). (*See* Doc. 107). Defendants then filed the present motion for reasonable expenses related to their successful and partially successful motions to compel under Rule 37(a)(5).

## II.   *Legal Standard*

Under Federal Rule of Civil Procedure 37(a)(5), a court must award the prevailing party in a discovery dispute "reasonable expenses incurred in making the motion, including attorney's fees" unless

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Such an award is discretionary when a discovery motion is only partially successful: "If the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 35(a)(5)(C).

There are several prerequisites and exceptions to this general fee mandate. "[B]efore asking a court . . . to impose sanctions upon an opposing party for allegedly failing to engage in discovery, Federal Rule of Civil Procedure 37(a)(1) clearly states

2

that the moving party *must, at a minimum*, either have an *actual face-to-face meeting*, or *engage in a two-way conversation*, with the opposing party during which the discovery disputes are *meaningfully discussed* in an *honest, good-faith attempt to resolve the disputes.*" (Doc. 58, PageID.534) (quoting *Gann v. N.-Cent. Ala. Reg'l Council of Gov'ts*, No. CV-13-S-270-NE, 2013 WL 6190799, at *4 (N.D. Ala. Nov. 26, 2013)). Also, fees shall not be awarded where the party opposing discovery was substantially justified. "[A]n individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.' " *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (citations omitted)). As for the amount of an award, "the calculation of reasonable attorney's fees is . . . clearly within the sound discretion of the trial judge." *Tufaro v. Willie,* 756 F. Supp. 556, 561 (S.D. Fla. 1991) (citing *Dowdell v. City of Apopka, Fla.,* 698 F.2d 1181, 1187 (11th Cir. 1983)).

### III. *Analysis*

Defendants seeks a partial award of their reasonable expenses incurred in litigating this discovery dispute, acknowledging that the Court denied part of its motion to compel Plaintiffs' requests for production. (*See* Doc. 124, PageID.1289). The Court will determine whether Defendants should be awarded fees before discussing whether Defendants' requested fees are reasonable.

### a. **Defendants' Entitlement to Fees**

Defendants seek compensation for their reasonable expenses incurred while

litigating the motions to compel. The Court will treat the discovery disputes brought via separate motions to compel together. As set out in the Order partially granting Defendants' motions to compel, the Court granted relief on four out of five issues in their discovery dispute: (1) Plaintiffs' interrogatory responses; (2) Plaintiffs' production of press releases; (3) Plaintiffs' tax returns; and (4) Plaintiff's production of video footage.[3] Each of these issues, as well as Plaintiffs' arguments that Defendants failed to properly confer in good faith prior to filing their discovery motions and that any award of fees would be unjust, are discussed in turn.

1. Plaintiffs' Interrogatory Responses

Defendants argue that they are entitled to reasonable expenses related to their success in compelling complete responses to various interrogatories, emphasizing that "[t]here is no substantial justification for Plaintiffs' evasiveness and incomplete responses . . . ." (Doc. 114, PageID.1219–20). Plaintiffs contend that they were substantially justified in failing to provide complete interrogatory responses because their "responses were a good faith effort to give a complete preemptive response" to Defendants' likely challenge to their version of events. (Doc. 117, PageID.1238). Plaintiffs emphasize the minimal difference between their challenged interrogatory responses and their answers pursuant to the Court's order: the latter responses differ only in the removal of the contention in the first part of the response. (Doc. 117, PageID.1239).

---

[3] The details of the disputed discovery requests are set out in the Court's Order addressing the motions to compel. (*See* Doc. 107). The parties are familiar with the facts, so the Court will refrain from reciting them here.

While the Court ultimately determined that the contentions in Plaintiffs' interrogatory answers rendered them deficient, their decision to include the language was substantially justified. Reasonable people could differ as to whether Plaintiffs' interrogatory responses were vague enough to render their answer incomplete: both the contested responses and accepted responses ended with Plaintiffs' unequivocal statement that they do not know the details of the subject events. (*See* Doc. 117, PageID.1239–40). Accordingly, Defendants are not due reasonable expenses for this portion of the discovery dispute.

2. Plaintiffs' Production of Press Releases

Defendants also seek reasonable expenses related to their success in compelling Plaintiffs to produce press releases. In the underlying order addressing the motions to compel, the Court rejected Plaintiffs' work product objection because they failed to submit any authority establishing that the privilege applies to publicly disclosed materials. (Doc. 107, PageID.1189). Plaintiffs now argue that their resistance was substantially justified because they had already produced all press releases "in their possession" and viewed further requests for production as seeking their attorney's notes. (Doc. 117, PageID.1241). Defendants argue that this representation is misleading, as "Plaintiffs never actually produced *any* press or media releases prior to Defendants filing their Motions to Compel and this Court ordering production of the same." (Doc. 124, PageID.1280). Further, Defendants emphasize that "[i]t is axiomatic that Plaintiffs had no expectation of confidentiality in the substance of these statements when they voluntarily produced them to the

5

media for publication." (Doc. 124, PageID.1280).

Defendants are entitled to reasonable expenses on this issue because Plaintiffs fail to demonstrate any substantial justification for their opposition. Plaintiffs' impression that Defendants sought their notes related to press releases is unreasonable: the language of the requests for production clearly seek only documents submitted to the press (*see* Doc. 88, PageID.1014–18). Plaintiffs also fail to provide any authority establishing that materials voluntarily submitted to the press retain work product protections, making their resistance unjustified. Accordingly, Defendants are due reasonable expenses for this portion of the discovery dispute.

### 3.  Plaintiffs' Tax Returns

Next, Defendants seek to recover reasonable expenses for successfully compelling Plaintiffs to produce full tax returns to support their lost wage claims. Acknowledging that their original justification for opposing the disclosure of tax returns lacks merit, Plaintiffs offer a new explanation: "courts in the Eleventh Circuit appear split as to whether a showing of 'ordinary relevance' or a 'compelling need' is required to support production of tax returns." (Doc. 117, PageID.1242) (citing *Sure Fill & Seal, Inc. v. Platinum Packaging Grp., Inc.*, No. 8:10-CV-316-T-17TBM, 2011 WL 13176300, at *3 n.7 (M.D. Fla. May 5, 2011)). Defendants note that Plaintiffs did not invoke *Sure Fill*'s rationale in their original objection to their discovery requests. (Doc. 124, PageID.1283). Further, Defendants insist that *Sure Fill* is distinguishable "because that case evaluated the *plaintiff's* request for one of the *defendant's* income

6

tax returns, a significant distinction in that the defendant in *Sure Fill* had not made a claim for lost wages as Plaintiffs have made in the case at bar." (Doc. 124, PageID.1283).

Defendants are entitled to reasonable expenses on the tax return issue because Plaintiffs' opposition was not substantially justified. Plaintiffs' post-hoc rationalization of their discovery objections based on *Sure Fill* are unpersuasive for two reasons. First, the text of Rule 37(a)(5)(A)(ii) directs the Court to look to whether "the opposing party's nondisclosure, *response*, or *objection* was substantially justified" (emphasis added), not the excuse submitted after the Court rules on the discovery dispute. Here, Defendants challenged Plaintiffs' objection, which cited 26 U.S.C. § 6103(a) as grounds for a purported tax return privilege. However, the clear text of the statute limits the privilege to government employees or other authorized persons—not taxpayers generally (*see* Doc. 107, PageID.1190)—making Plaintiffs' original position unreasonable. Second, even considering Plaintiffs' new rationalization, *Sure Fill*'s observation of an apparent disagreement between district courts regarding the showing of need required to discover tax returns does not demonstrate a reasonable dispute over their conduct. The Eleventh Circuit established that "in civil cases, we have not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant." *Erenstein v. S.E.C.,* 316 Fed. App'x 865, 869–70 (11th Cir. Sept.16, 2008) (unpublished) (per curiam).[4]

---

[4] This Court previously explained the Eleventh Circuit's guidance on this issue:

7

Both Plaintiffs' original objection and their post-hoc argument—which runs counter to persuasive authority from the Eleventh Circuit—fall short of establishing that reasonable minds could differ on the propriety of their discovery resistance. Accordingly, Defendants are due to be awarded reasonable expenses for their litigation of the tax return issue.

4. Plaintiffs' Production of Video Footage

Defendants also seek fees for their efforts to compel Plaintiffs to produce videos mentioned in passing by an attorney at a deposition. In response to Defendants' discovery request for these videos, Plaintiffs claimed that all videos in their possession had already been turned over. (*See* Doc. 88, PageID.1043). The Court ordered the videos, which allegedly showed fights relevant to the substantive issues in the case, to be produced if they existed. (Doc. 107, PageID.1191). Defendants note

---

Importantly, the Eleventh Circuit, in *[Maddow v. Procter & Gamble Co.*, Inc., 107 F.3d 846 (11th Cir. 1997)]*, recognized, but did not adopt the [compelling need] test, as noted in [*Lemanik v. McKinley Allsopp*, Inc., 125 F.R.D. 602, 609 (S.D.N.Y. 1989)]. Instead, the Eleventh Circuit merely acknowledged that there was not controlling case law in this Circuit at the time the plaintiffs there refused to answer the discovery. *See, e.g., United States v. Certain Real Property known as and Located at 6469 Polo Pointe Way, Delray Beach, Fla.,* 444 F.Supp.2d 1258, 1262–64 (S.D. Fla. 2006) (granting motion to compel tax records once relevance established, after noting (1) the split among ***all*** federal courts "as to whether tax returns are entitled to enhanced protection"; (2) that "[m]ost courts ... hold that a party seeking disclosure of tax returns must show some compelling need in addition to relevance because tax returns are either privileged or public policy restricts their disclosure"[2]; (3) and that, "[d]espite" this, "the Eleventh Circuit declined [, in *Maddow,*] to adopt such a position [,]" after it "recognized [some] cases requiring a compelling need" (collecting cases)).

*Miller v. MP Glob. Prod., LLC*, No. CIV.A. 12-00747-KD-N, 2014 WL 1017887, at *3 (S.D. Ala. Mar. 17, 2014).

that despite their prolonged efforts to acquire these videos—and Plaintiffs' admission that such videos would be discoverable—Plaintiffs only disclosed the materials after the Court held a hearing on Defendants' motions to compel. (Doc. 124, PageID.1286).

Plaintiffs chalk up the delayed disclosure as a misunderstanding: the attorney that drafted their response in opposition to the fee motion, Mr. Charles A. Bonner, Esq., claims ignorance of the existence of the subject videos before they came up at the hearing. (Doc. 117, PageID.1243). Mr. Bonner explains that "his office had produced all the videos known to him," and that his co-counsel in possession of the videos, Mr. Jesse P. Ryder, Esq., believed that he had received the videos via Snapchat and, due to the ephemeral nature of videos sent over the app, that they had disappeared. (Doc. 117, PageID.1243). However, Mr. Ryder searched his old iPhone after the hearing and located the subject videos. (Doc. 117, PageID.1243). Plaintiffs conclude by noting "Mr. Ryder's mistaken belief that the [S]napchat videos were no longer available on his old iPhone because of the unique short length of time the social media post remains on the phone, again was not done in bad faith, and certainly not requiring the award of attorneys' fees and costs." (Doc. 117, PageID.1243).

Despite Plaintiffs' apparent lack of bad-faith, their failure to disclose the subject videos merits an award of reasonable expenses to the Defendants. While bad faith is an important factor considered in determining whether an award of fees is appropriate under Rule 37(a)(5), it is not necessary. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993). Here, Plaintiffs admit that they only searched

9

for the the subject videos after Defendants filed a motion to compel, the parties briefed the issue, and the Court held a hearing. (*See* Doc. 117, PageID.1243).

Plaintiffs' belief that the videos were received only temporarily via Snapchat does not obviate them of their duty under Rule 26(g) to make at least a reasonable inquiry to verify their discovery responses. *See* Fed. R. Civ. P. 26(g)(1)(A) ("By signing [a discovery response], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . it is complete and correct as of the time it is made."). Plaintiffs' counsel certified the disputed discovery response with his signature (*see* Doc. 124, PageID.186), yet did not undertake even a cursory search for the video. Plaintiffs submitted no authority showing that reasonable minds could differ on whether this nondisclosure would be appropriate, and the Court's own search reveals that more effort is required.[5]

Further, Plaintiffs' efforts to minimize their duty to ensure their discovery responses are accurate by singling out one of their attorney's actions (*see* Doc. 117, PageID.1242–43) are unavailing. Plaintiffs cannot divide responsibilities among their

---

[5] "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *United States v. Fresenius Med. Care Holdings, Inc.*, No. 1:10-CV-1614-AT, 2014 WL 11517841, at *5 (N.D. Ga. May 13, 2014) (quoting Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment); *see also Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 369 (M.D. Ala. 2001) ("The federal discovery rules place an affirmative duty upon a party and its counsel to produce not only responsive materials of which they are aware, but also those which they reasonably ought to have been aware."*)*. The videos in question are significant—they allegedly show fights similar to the incidents giving rise to this lawsuit—which merits at least some investigation by Plaintiffs into whether the videos had actually been deleted before certifying that they do not have them in their possession.

10

several attorneys to avoid liability when their disclosures run afoul of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs must pay Defendants' reasonable expenses for seeking to compel their disclosure of the videos.[6]

### 5. Plaintiffs' Other Arguments Against Imposing Fees

Plaintiffs argue that in addition to their substantial justification in resisting all aspects of Defendants' motions to compel, a fee award is not merited for two other reasons: (1) Defendants failed to properly confer in good faith under Rule 37(a)(5)(A)(i) and S.D. Ala. CivLR 37 prior to filing their motions to compel (Doc. 117, PageID.1243–44); and (2) hardships imposed by the COVID-19 pandemic and the complexity of the case would make an award unjust under Rule 37(a)(5)(A)(iii) (Doc. 117, PageID.1244). Both arguments fail.

Plaintiffs' good-faith conferral argument fails because Defendants exerted significant efforts to resolve the discovery dispute without Court intervention. Defendants detail their meetings with Plaintiffs to discuss the discovery dispute in both motions to compel (Doc. 86, PageID.771–77; Doc. 88, PageID.998–1004) as well as in the present motion for fees (Doc. 114, PageID.1214–19). These efforts satisfy

---

[6] If a district court finds that Rule 26(g)'s certification requirement has been violated "without substantial justification," the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.* "The decision of what sanction is appropriate, however, is committed to the district court's discretion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997). Here, given Defendants' award of reasonable expenses incurred in bringing their motions to compel, *see infra* Section III.B, any concurrent award of attorney's fees under Rule 26(g)(3) would be duplicative and unnecessary.

11

both Rule 37(a)(5)(A) and S.D. Ala. CivLR 37 as Defendants engaged in ample good-faith discussion with Plaintiffs regarding the discovery dispute.

Plaintiffs contend that Defendants should have complied with their request to provide "a written statement outlining how Plaintiffs' rationale for refusing disclosure was deficient" (Doc. 117, PageID.1243) yet they fail to provide any authority demonstrating that such a step is required when the parties hold other substantive discussions. Further, Plaintiffs' claim that Defendants failed to attach a written certification to their motions to compel with the "time, date, and the attending parties" as required by S.D. Ala. CivLR 37 (Doc. 117, PageID.1244) is misplaced. As noted above, Defendants include these details, as well as supporting exhibits, in both of their motions to compel.

Plaintiffs also argue that other circumstances make a fee award unjust, but this argument falls short. Specifically, Plaintiffs set out the following:

> Here, as both Defendants' and Plaintiffs' chronology expressly states, Plaintiffs' ability to timely comply with Defendants' voluminous requests for interrogatories was severely hamstrung on account of the highly crippling impact that the continuous shelter in place orders had upon the operational capacity of Plaintiff counsel's office. Again, when coupling the logistical impacts of the pandemic with the complexity of the moving parts of Plaintiffs' prosecution, as well as Plaintiff counsel's challenges with communicating with his clients and gathering answers to Defendants' interrogatories, such circumstances clearly fall within Rule 37(a)(5)(a)(iii)'s exception of "other circumstances [that] make an award of expenses unjust."

(Doc. 117, PageID.1244). While these circumstances may explain a delayed discovery response, pandemic lockdowns do not explain why Plaintiffs' counsel filed unjustified objections in response to Defendants' discovery requests or failed to make a cursory

search for the disputed videos. Defendants brought the present discovery dispute before the Court on Plaintiffs' objections, not their failure to timely comply. Accordingly, Defendants' motion for reasonable expenses under Rule 37(a)(5) (Doc. 114) is **GRANTED in part** and **DENIED in part** as set out above.

**b. Defendants' Reasonable Expenses**

Having established that Plaintiffs must pay Defendants' reasonable expenses incurred in bringing their motions to compel, the Court must now determine the monetary amount due. District courts use the lodestar method to calculate an award of reasonable fees under Rule 37. *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 693 (N.D. Ga. 2010) (citing *Smith v. Atlanta Postal Credit Union,* 350 Fed. Appx. 347, 349 (11th Cir. 2009) (unpublished) (per curiam)).

Under the lodestar method, "[t]he starting point for calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To make this determination, the district court should consider the relevant factors among the twelve identified in *Johnson v. Georgia Highway Express, Inc.*[7] *Bivins v.*

---

[7] The Fifth Circuit instructed the district court to consider, on remand, the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases. 488 F.2d 714, 717–19.

*Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson*, 488 F.2d 714, 717–719 (5th Cir. 1974)). There is a strong presumption that the lodestar represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Those that oppose a fee application must present objections and proof that are specific and "reasonably precise" concerning hours that they assert should be excluded. *Id.* (citation omitted).

After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors." *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006). The presumption that the lodestar is reasonable "may be overcome" and the lodestar enhanced "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554 (citations omitted). The fee applicant "must produce specific evidence" that the "enhancement was necessary to provide fair and reasonable compensation." *Perdue*, 559 U.S. at 553 (citations omitted).

Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar—doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (citing *Burlington v. Dague*, 505 U.S. 557, 562–563 (1992); *Perdue*, 559 U.S.

14

at 553 ("an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."); *Barnes v. Zaccari,* 592 F. App'x 859, 871 (11th Cir. 2015) (citing *Bivins*, 548 F.3d at 1349).

### 1. Reasonable Hourly Rate

First, the Court must determine whether Defendants' claimed hourly rate is reasonable. The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–896 n. 11 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant market" is the "place where the case is filed." *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir. 1999) (citation and internal quotation marks omitted). The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299.

In determining a reasonable hourly rate, *Johnson* factors three and nine—"the skill requisite to perform the legal service properly" and "the attorney's experience, reputation and ability"—may be considered. Further, although the Court does not give controlling weight to prior awards, those awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this judicial district for attorneys of reasonably comparable skill, experience, and reputation to that of the attorney seeking an award of fees. *Norman*, 836 F.2d at 1299. Also, the Court is familiar with the prevailing rates in this district and may rely upon

its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F. 2d at 1303); *see also Ibezim v. GEO Grp., Inc.*, 786 Fed. Appx. 975, 976–77 (11th Cir. 2019) ("As for assessing the reasonableness of attorney's fees, the district court is qualified to make this decision based on its years of experience.").

In this case, Defendants retained attorneys C. Winston Sheehan and William D. Montgomery at a rate of $175 per hour. (Doc. 114, PageID.1222). Mr. Sheehan has been practicing law for approximately forty-nine years and Mr. Montgomery has been practicing law for approximately twenty years. (Doc. 114, PageID.1222). Plaintiffs raise no objection to this rate. The Court is familiar with the prevailing rates in this district and finds the rate to be reasonable in this case.[8]

### 2. Hours Reasonably Expended

Next, the Court must determine the hours reasonably expended on the litigation. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A district court should not allow any hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis

---

[8] "[W]here documentation or testimonial support is lacking, the court may make the award on its own experience." *Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000); *Engeling v. Bashlin Indus., Inc.*, 2019 WL 3757784, at *1 (N.D. Ga. Feb. 7, 2019) ("Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." (quoting *Norman*, 836 F. 2d at 1303)).

16

omitted). To determine the hours reasonably expended, the Court may consider the first and second *Johnson* factors: the time and labor required and the novelty and difficulty of the question.

Here, Defendants' attorneys report spending 124 hours working on the motions to compel and the associated briefing. (Doc. 114-1, PageID.1230). Plaintiffs fail to challenge the reasonableness of these fees in their response. (*See* Doc. 117). The Court reviewed the accounting submitted by Defendants and finds that the time incurred is reasonable.

However, one modification is necessary: Defendants only succeeded on four of the five issues presented in their motions to compel, (*see* Doc. 107, PageID.1191), and Plaintiffs' resistance to another one of the issues was substantially justified, *see infra* Section III.A.1. While Defendants did not submit accounting that explains which hours were spent on each issue, the Court may use its discretion to apportion fees based on a percentage of issues from the motion to compel that merits a fee award. *Cf. Adams v. Austal, U.S.A., L.L.C.*, No. CIV.A 08-0155-KD-N, 2009 WL 3261955, at *2 (S.D. Ala. Oct. 7, 2009) (awarding fees based on success percentage in discovery motion). Given that Defendants are only due fees on three out of the five discovery issues in this dispute, they are only due to be compensated for 60% of the hours they expended on this dispute. Accordingly, the Court finds that Defendants reasonably expended 74.4 hours on the subject discovery dispute.

3. Calculating the Lodestar

With the reasonable hourly rate and hours expended determined, the Court

17

can calculate the lodestar. The Court has determined that Defendants are entitled to an hourly rate of $175 per hour for the services performed by their attorneys and that counsel reasonably expended 74.4 hours to in resolving the relevant discovery issues. Accordingly, the lodestar is $13,020. The parties offer no reason to adjust the lodestar to reach a more appropriate attorney's fee and the Court finds that the amount is reasonable. The Court also finds that this fee should be imposed against Plaintiffs' attorneys jointly and severally, as the decision to object without substantial justification likely stems from them rather than their clients.[9]

### 4. Other Costs

Defendants also seeks to recover its costs for printing 135 pages at $0.15 per page. (Doc. 114-1, PageID.1230). Rule 37(a)(5) provides that the Court must order the party failing to comply with discovery orders to pay for the opposing party's "reasonable expenses" caused by the failure, which may include costs beyond attorney's fees. *See* Fed. R. Civ. P. 37(a)(5). However, unlike the accounting for their attorney's fees, Defendants offer no explanation for this expense beyond a general statement that they incurred costs and fees in handling the subject discovery dispute. (*See* Doc. 114, PageID.1222). Without an explanation of these printing charges, the Court cannot determine whether they are reasonable. Accordingly, Defendants' request for an award of $20.25 for printing is **DENIED**.

---

[9] Under Rule 37, "the court may order either the losing party on the motion, or the attorney who advised making or opposing the motion, or both of them, to pay the expenses." 8B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2021) (citing Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment).

### IV. *Conclusion*

Under Rule 37(a)(5), Plaintiffs' attorneys must pay Defendants' reasonable expenses incurred while litigating this discovery dispute. As set out above, Defendants' motion for an award of reasonable expenses (Doc. 114) is **GRANTED in part** and **DENIED in part**. The Court **ORDERS** that Plaintiffs' attorneys—Charles A. Bonner, A. Cabral Bonner, Jeffrey Louis Mendelman, and Jesse P. Ryder—shall pay $13,020 to the law firm of Ball, Ball, Matthews & Novak, P.A.[10] no later than **February 16, 2022**.

**DONE** and **ORDERED** this the 18th day of January 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] This payment to the law firm of Defendants' attorneys should be used to compensate the moving Defendants for fees incurred during the litigation.