#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ALABAMA
#### SOUTHERN DIVISION

| | |
|---|---|
| RODNEY K. SR., *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) CIV. ACT. NO. 1:18-cv-343-TFM-N |
| COACH FRED RILEY, *et al.*, | ) |
| Defendants. | ) |

### ORDER

Pending before the Court is *Plaintiffs' Objections to the Magistrate Judge's Order Entered January 18, 2022* (Doc. 227, filed 1/31/22).  Plaintiffs specifically object to the order granting in part and denying in part the *Defendants' Motion for Plaintiffs' Payment of Fees and Expenses Pursuant to Rule 37(a)(5)* (Doc. 114, filed 3/31/21).  *See* Order, Doc. 224.  Defendants timely filed their response to the objections (Doc. 229, filed 2/10/22).  Thus, the matter is ripe for review.

A party may seek review of a magistrate judge's ruling on a non-dispositive matter by serving and filing objections within fourteen days after being served with a copy. FED. R. CIV. P. 72(a). A non-dispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007).  "A judge of the court may reconsider any pretrial matter [on a non-dispositive issue] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German*

*Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).  Put another way, "[i]n the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating same).  In sum, it is an extremely deferential standard.

In the case at hand, Plaintiffs have not shown that the magistrate judge was clearly erroneous.  To start, Plaintiffs did not originally object to the order granting the motion to compel (Doc. 107, filed 3/9/21) yet the majority of the objections seemingly focus on their perception that the original order was improper.  But at issue here is whether the award of fees is appropriate.  While the Court "must consider timely objections," an appellant "may not assign as error a defect in the order not timely objected to." FED. R. CIV. P. 72(a).

"[I]n cases involving the sanction power of Rule 37, the district court must clearly state its reasons so that meaningful review may be had on appeal." *Mutual Service Insurance Co. v. Frit Industries, Inc.*, 358 F.3d 1312, 1326 (11th Cir. 2004) (internal quotes omitted).  In the case at hand, the Magistrate Judge issued an extremely detailed order enunciating her reasons for the Rule 37 sanctions against the Plaintiffs.  Plaintiffs object for two reasons: (1) that the Magistrate Judge "erred as a matter of law" when by failing "to apply Rule 37(a) and Local Rule 37's condition precedent and mandatory requirement that Defendants attach a good faith certificate as part of their motion to compel."  and also "erred as a matter of law" in "determining the Defendants' good faith conferment efforts were sufficient."  Doc. 227 at 2-12 and (2) the Magistrate Judge "failed to correctly apply the proper standard when interpreting whether Plaintiffs were 'substantially justified' in refusing to disclose discovery[.]" *Id*. at 12-16.

With regard to both parts of this objection, the Magistrate Judge already addressed this

precise argument extensively in her order granting in part and denying in part the fees under Rule 37. *See* Doc. 224 at 11-13. The Court finds no fault with this analysis and certainly nothing that rises to clearly erroneous. As such, the first objection is overruled.

Turning to Plaintiff's objection that the Magistrate Judge failed in her analysis that the Plaintiffs were substantially justified in their refusal to disclose the discovery. As correctly noted by the Magistrate Judge in her order, "an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see* Doc. 224 at 3 (Magistrate Judge's order quoting same). Again, throughout the order, the Magistrate Judge extensively addresses the issue of whether the Plaintiffs were substantially justified. *See* Doc. 224 at 5, 6, 7-8, 10-11. In fact, as to the first discussion (regarding interrogatory responses), the Magistrate Judge actually found the Plaintiffs answer, while deficient, were substantially justified and did not award fees on this portion of the discovery dispute. However, as to the press releases, tax returns, and video footage, the Magistrate Judge found those responses were not substantially justified. Further, with regard to the video footage, the Magistrate Judge noted that the award was not only appropriate under Rule 37, but also under Fed. R. Civ. P. 26(g) which also mandates a sanction. However, again as noted by the Magistrate Judge, such an award under Rule 26(g) would be duplicative and unnecessary. *See* Doc. 224 at 11, n. 6. The Court agrees. Further, as to the objections, the Court cannot find that the order and finding as to "substantially justified" is clearly erroneous. Therefore, the objection is overruled.

The Magistrate Judge's Order granting in part and denying in part Defendants' motion for fees correctly adopted and applied the proper law and thus is not clearly erroneous or contrary to

law.  However, under *any* standard of review (whether it be an abuse of discretion, clear error, or *de novo*) and based upon a thorough review of the record, the Court believes the order of the magistrate judge should be affirmed and therefore the plaintiffs' objections overruled.

Therefore, for the reasons stated above, *Plaintiffs' Objections to the Magistrate Judge's Order Entered January 18, 2022* (Doc. 227) are **OVERRULED** and the Magistrate Judge's order (Doc. 224) is **AFFIRMED**.

**DONE** and **ORDERED** this the 22nd day of March 2022.

                                                 s/Terry F. Moorer
                                                TERRY F. MOORER
                                                 UNITED STATES DISTRICT JUDGE